## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| AMELIA DECHRISTOPHER, | ) | |
| 250 W. Kemper Road | ) | |
| Cincinnati, OH 45246 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| CREDIT SOLUTIONS, LLC, | ) | |
| 2277 Thunderstick Drive, Suite 400 | ) | |
| Lexington, KY 40505 | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S COMPLAINT

Plaintiff, AMELIA DECHRISTOPHER, by and through her attorney, Jack S. Malkin, alleges the following against Defendant, CREDIT SOLUTIONS, LLC ("Defendant"):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

2. Count II of Plaintiff's Complaint is based on the Ohio Consumer Sales Practices Act, Ohio Rev. Code § 1345.01 et seq. ("OCSPA").

## JURISDICTION AND VENUE

3. This court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337, 1367 and 15 U.S.C. § 1692k (FDCPA).

4. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

1

5. This court has supplemental jurisdiction over the state claims alleged herein pursuant to 28 U.S.C. § 1367 because they are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."

6. Venue and personal jurisdiction in this district are proper because Defendant does or transacts business within this district, and a material portion of the events at issue occurred in this district.

## PARTIES

7. Plaintiff is a natural person residing in the City of Cincinnati, Hamilton County, State of Ohio.

8. Plaintiff is a "consumer" as that term is defined by the FDCPA.

9. Plaintiff allegedly owes a "debt" as that term is defined by the FDCPA.

10. Defendant is a "debt collector" as that term is defined by the FDCPA.

11. Defendant is a "supplier" as that term is defined by the OCSPA.

12. The debt allegedly owed by Plaintiff arose from a "consumer transaction" as that term is defined by the OCSPA.

13. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

14. Defendant is a Kentucky limited liability company and national debt collection agency headquartered in the City of Lexington, Fayette County, Commonwealth of Kentucky.

15. Defendant is a business entity engaged in the collection of debt within the State of Ohio.

16. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

17. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

18. During the course of its attempts to collect debts, Defendant sends to alleged debtors bills,

statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

19. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers

## FACTUAL ALLEGATIONS

20. Defendant is attempting to collect consumer debts from Plaintiff, which are allegedly owed by Plaintiff arising from three unpaid medical bills to University of Cincinnati Hospital in Westchester, Ohio.

21. Plaintiff's alleged debts owed arise from transactions for personal, family, or household purposes.

22. In or around September 2020, Defendant began calling Plaintiff on her cellular telephone at 513-780-4570 in an attempt to collect the alleged debts.

23. Defendant calls Plaintiff from 866-205-7869, which is one of Defendant's telephone numbers.

24. On or about September 9, 2020, Plaintiff answered one of Defendant's collection calls and spoke to one of Defendant's female collectors.

25. During the above-referenced collection call:

    a. Defendant's collector attempted to collect the alleged debts from Plaintiff;

    b. Plaintiff disputed owing the alleged debts and requested validation of the alleged debts;

    c. Defendant's collector made vague, veiled threats of damaging Plaintiff's credit if Plaintiff does not pay the alleged debts; and

    d. Plaintiff told Defendant's collector to stop calling Plaintiff.

26. Despite Plaintiff's dispute of the alleged debts, and telling Defendant to stop calling her, Defendant continued to call Plaintiff in an attempt to collect the alleged debts.

27. On or about September 14, 2020, Plaintiff answered another of Defendant's collection calls and spoke to one of Defendant's female collectors.

28. During the above-referenced collection call:

    a. Defendant's collector attempted to collect the alleged debts from Plaintiff;

    b. Plaintiff questioned why Defendant was continuing to call her after being told to stop calling Plaintiff approximately a week earlier and repeated again that Plaintiff did not want Defendant to call her;

    c. Defendant's collector responded that Plaintiff was "in active collections and [Defendant] is going to call [Plaintiff] until [Plaintiff] pays" the alleged debts (or similar words to that effect);

    d. Plaintiff disputed owing the alleged debts and requested validation of the alleged debts; and

    e. Defendant's collector falsely claimed that the Health Insurance Portability and Accountability Act ("HIPAA") prohibited Defendant from providing Plaintiff with validation the alleged debts.

29. To date, Defendant has failed to provide Plaintiff with validation/verification of the alleged debts.

30. Defendant failed to send certain written notices to Plaintiff, as required by 15 U.S.C. § 1692g(a).

31. Again, despite Plaintiff's dispute of the alleged debts, and telling Defendant to stop calling

her, Defendant continued to call Plaintiff in an attempt to collect the alleged debts.

32. Defendant finally stopped calling Plaintiff only when Plaintiff retained an attorney who sent a cease-and-desist and notice of representation to Defendant on or about December 3, 2020.

33. The natural consequences of Defendant's actions was to unjustly condemn and vilify Plaintiff for her non-payment of the debts Plaintiff allegedly owes.

34. The natural consequences of Defendant's actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

35. The natural consequences of Defendant's actions was to cause Plaintiff mental distress.

## COUNT I:
## CREDIT SOLUTIONS, LLC VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

36. Defendant violated the FDCPA based on the following:

a. Defendant violated § 1692d of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt when Defendant engaged in all of the harassing, oppressing, and abusive misconduct alleged above;

b. Defendant further violated § 1692d when Defendant placed collection calls to Plaintiff after Plaintiff requested for Defendant to cease calling her;

c. Defendant violated § 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number when Defendant continued to place collection calls to Plaintiff after Plaintiff repeatedly requested for Defendant to cease calling her;

d.  Defendant violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when Defendant engaged in, at least, the following discrete violations of § 1692e;

e.  Defendant violated § 1692e of the FDCPA when Defendant's collector falsely claimed that Defendant could not provide Plaintiff with validation of the alleged debts because it was prohibited by HIPAA;

f.  Defendant violated § 1692e of the FDCPA when Defendant created the false impression on Plaintiff that Defendant was permitted to continue to call Plaintiff with impunity despite Defendant being told to stop calling Plaintiff;

g.  Defendant violated § 1692e(8) of the FDCPA by communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed;

h.  Defendant violated § 1692e(10) of the FDCPA by using any false representation or deceptive means to collect or attempt to collect any debt when Defendant engaged in, at least, all of the other discrete violations of § 1692e alleged herein;

i.  Defendant violated § 1692f of the FDCPA by its use of unfair or unconscionable means to collect or attempt to collect any debt when Defendant engaged in all of the misconduct alleged herein;

j.  Defendant violated § 1692g(a) of the FDCPA by failing to send the written notices to Plaintiff as required by this subsection;

k.  Defendant violated § 1692g(a)(3) of the FDCPA by ignoring Plaintiff's oral dispute of the validity of the alleged debts then continuing to assume the validity

of the alleged debts when Defendant's collectors pressed forward with their collection attempts to get the Plaintiff to pay the alleged debt;

l.   Defendant violated § 1692g(b) of the FDCPA by engaging in collection activities and that overshadowed or was inconsistent with the disclosure of the consumer's right to dispute the debts when Defendant's collectors ignored Plaintiff's oral dispute of the alleged debts then pressed forward with their collection attempts to get the Plaintiff to pay the alleged debts; and

m.   Defendant further violated § 1692g(b) of the FDCPA by failing to provide Plaintiff with validation/verification of the alleged debts as required by this subsection.

WHEREFORE, Plaintiff, AMELIA DECHRISTOPHER, respectfully requests judgment be entered against Defendant, CREDIT SOLUTIONS, LLC, for the following:

a.   Actual damages, in an amount to be determined at trial, pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

b.   Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

c.   Costs and reasonable attorneys' fees for each Plaintiff pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

d.   Any other relief that this Honorable Court deems appropriate.

## COUNT II:
## CREDIT SOLUTIONS, LLC VIOLATED THE OHIO CONSUMER SALES PRACTICES ACT

37. Plaintiff incorporates here by reference the foregoing paragraphs 1 through 35 of this Complaint as though fully stated herein under Count II of Plaintiff's Complaint.

38. Defendant's above-referenced conduct was unfair and deceptive pursuant to § 1345.02 of

the OCSPA.

39. Defendant's above-referenced acts or practices were unconscionable pursuant to § 1345.03 of the OCSPA.

40. Defendant knowingly committed acts or practices that violated the OCSPA.

WHEREFORE, Plaintiff, AMELIA DECHRISTOPHER, respectfully requests that judgment be entered against Defendant, CREDIT SOLUTIONS, LLC for the following:

    a. Non-economic damages of $5,000.00 pursuant § 1345.09(A) or § 1345.09(B) of the OCSPA;

    b. Statutory damages of $200.00, if determined to be applicable, pursuant to § 1345.09(B) of the OCSPA;

    c. Costs and reasonable attorneys' fees pursuant to § 1345.09(F) of the OCSPA; and

    d. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

March 10, 2021          By:/s/ Jack S. Malkin
                      Jack S. Malkin, Esq.
                      Ohio Bar Number: 0034018
                      20600 Chagrin Blvd., Suite 750
                      Shaker Heights, OH 44122
                      Tel: 216-751-7708
                      jmalkin23@hotmail.com
                      Attorney for Plaintiff